By the Court.—Speir, J.
The plaintiff put in evidence the contract referred to in the complaint;
“ Few York, May 23, 1878.
“For value received, the bearer may deliver me one day’s notice, except last day. when notice is not required, five hundred (500) shares of the common stock of the Chicago & Northwestern Eailway Company at forty-nine (49) per cent., any time in thirty (30) days from date.
*78 “ The undersigned is entitled to all the dividends or extra dividends declared during the time. Expires —1. 3—4 o’clock p. m.
“ Russell Sage.”
The plaintiff, on the admission of the defendant’s signature to the contract, on June 22, 1879, between one and half-past one o’clock—within the thirty days —tendered a certificate for five hundred shares of the common stock named in the contract, and demanded forty-nine per cent, of the value thereof, to wit: $24,500, which the defendant refused, but offered to pay forty-six per cent., being $23,000.
On May 16, 1878, at a meeting of the directors of the railway company, a dividend of three per cent, upon the said stock was declared payable at the office of the company on June 27, 1878, and the transfer books of the company were closed for .the purpose of such dividend on Tuesday, June 18, and reopened on Saturday, June 29, 1878.
The dispute between the parties relates to this dividend of three per cent, declared on the stock, and as to which party was entitled to it under the concluding clause of the contract.
The contract is called “aput” among the dealers in stock—a privilege bought by the plaintiff of the defendant, by which he might deliver the stock in question, at any time within the thirty days thereafter, at $49 per share; so that in case the market should decline to any point below that figure, the plaintiff, under the protection he had thus secured, could, during the existence of the privilege, deliver his stock at $49 per share.
This dividend of three per cent, was declared on May 16, before the contract existed, and was payable on June 27, after it had expired. I am of the opinion that the last clause in the contract is not ambiguous, *79 or so open to explanation as to call for any custom or usage, for the purpose of ascertaining that it was intended by the parties to be interpreted in any other sense than as 'is there plainly written down by this defendant. The language used is too direct and plainly simple to suppose that the evidence, offered and admitted by the learned referee, under exception, was for the purpose of explaining any ambiguity. But even for the purpose of varying the import and legal effect of a written instrument, upon the ground of a custom or usage among a class of dealers, we think it was improperly allowed. The only dividends the defendant is entitled to claim under the clause are such as were declared during the time of thirty days, which was the limit of the privilege. Any other construction would enable the defendant to collect not only the dividend in controversy but all other dividends declared outside the limit and uncollected, if any such there were. Under a contract to sell shares of stock the dividend payable after the day for the delivery of the stock does not pass with the stock. Dividends are not an incident to stock, as to pass with, the stock. They belong to the corporation, and are divided among the shareholders and may be sold or assigned without parting with the stock. They are not earned, like interest, by money represented in the stock. The custom or usage received in the case was therefore improperly admitted as against the settled rules of law (Spear v. Hart, 3 Robt. 420; Brundage v. Brundage, 1 T. & C. 89 ; Currie v. White, 37 How. Pr. 355).
Custom may be incorporated in a contract, where it appears to have been the intention of the parties to contract with reference to it, and will be construed to become a part of it. In the present case there is no evidence tending to show that the parties had an intention to contract differently from what is expressed *80 in the concluding clause of the privilege ; nor does anything appear from the surrounding circumstances which leads to such a conclusion. Nor do I think the special clause inserted in future privileges, as stated by the witnesses to have been adopted, giving the dividend to defendants similarly situated, will remove the objection of appealing to a local custom. A local usage in the city of New York should not control the settled law of the State in respect to contracts by which such vast interests are involved. The rights and obligations of parties to paper in such general use, should not only be clearly defined, but universally known to be uniform and stable.
The judgment should be reversed, the order of reference vacated, and a new trial ordered, with costs to abide the event.
Freedman, J., concurred.